UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REGIONS BANK,

        Plaintiff,

v.                                                              Case No:  6:20-cv-658-Orl-40EJK

RAYMOND JAMES AND
ASSOCIATES, INC., MICHAEL
MONTALVO and MAURICIO RICARDO
CARDENAS,

        Defendants.
_____/

## ORDER

This cause comes before the Court upon Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2 (the "**Motion**")). Plaintiff Regions Bank ("**Regions**") seeks the issuance of a Temporary Restraining Order against Defendants Michael Montalvo ("**Montalvo**") and Mauricio Ricardo Cardenas ("**Cardenas**") (collectively referred to as "**Individual Defendants**") and Raymond James and Associates, Inc. ("**Raymond James**"). Upon consideration, the Court has determined that:

    1.    The rights of Regions with respect to its confidential and proprietary information, competitive interests, and contracts with Individual Defendants, are being and will continue to be violated by the Defendants unless they are restrained from any further solicitation of Regions' customers and use or possession of Regions' confidential and proprietary information;

2. Regions is likely to succeed on the merits of its claims and will suffer irreparable injury and loss if Defendants are permitted to continue soliciting Regions' customers and converting Regions' confidential and proprietary information for their own personal use and benefit and to the detriment of Regions;

3. In their respective Employment Agreements, Individual Defendants agreed and recognized that Regions would suffer immediate and irreparable harm that money damages would not be adequate to compensate or protect and preserve the *status quo*. Therefore, Individual Defendants consented to a temporary restraining order, with or without notice, in the event they breached the non-solicitation and confidentiality provisions of their Employment Agreements.

4. The injury suffered by Regions is presumed irreparable under Fla. Stat. § 542.335 and Fla. Stat. § 542.33(2)(a);

5. Regions has no adequate remedy at law; and

6. The balance of equities favors granting Regions' Motion;

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. A Temporary Restraining Order issue immediately against Defendants enjoining and restraining them from, directly or indirectly, and whether alone or in concert with others, including anyone acting in concert or participation with Defendants, specifically including any agent, employee, officer, or representative of Raymond James, soliciting Regions' customers and retaining any Regions documents or information, including the information Individual Defendants took from Regions before and at the time of their respective resignations, and, accordingly:

a. Defendants are **ENJOINED**, directly or indirectly, and whether alone or in concert with others, including anyone acting in concert or participation with Defendants, specifically including any agent, employee, officer, or representative of Raymond James, from soliciting current or former customers or prospects who Individual Defendants serviced or contacted on behalf of Regions or whose name became known to Individual Defendants in connection with their employment, and/or diverting the patronage of Regions' current or former customers or prospects, who Individual Defendants serviced or contacted on behalf of Regions or whose name became known to Individual Defendants in connection with their employment at Regions;

b. Defendants are **ORDERED** to return to Regions all Regions' information and records, including, but not limited to, customer information and records, whether original, copied, duplicated, reproduced, computerized, handwritten, recreated, compiled, or stored in any way whatsoever (including on computer software, USB removable drive, disk, laptop or desktop computer, tablet, iPhone or other android device, removable hard drive, and/or any other type of computer or digital information storage device), and to purge any and all such information from their possession, custody, or control within 24 hours of notice to Defendants or their counsel of the terms of this Order;

c. Defendants are **ENJOINED** from retaining possession of, control over, or access to any Regions information or records, including, but not limited to, customer information and records, whether original, copied, duplicated, reproduced, computerized, handwritten, recreated, compiled, or stored in anyway whatsoever (including on computer software, USB removable drive, disk, laptop or desktop computer, tablet, iPhone or other android device, removable hard drive, and/or any other type of

computer or digital information storage device) or memorialized in any other form, including cloud storage;

        d.    Defendants are **ENJOINED**, until hearing and thereafter until further Order of this Court, from destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer or electronic media or cloud storage) in Defendants' possession or control that were obtained from or contain Regions information;

        e.    Defendants are **ORDERED** to identify in writing the type and serial numbers of any computer, server, phone, tablet, removable storage device, and/or other electronic devices owned by, provided by, and/or in the possession or control of Raymond James, and accessed by Individual Defendants, on which Regions information was accessed, stored, and/or downloaded;

        f.    Individual Defendants are **ORDERED** to, within 24 hours of notice to Individual Defendants or their counsel of the terms of this Order, deliver to Regions' counsel all electronic devices, including but not limited to flash drives, removable hard drives, tablets, personal computers, iPhone or android devices, discs, iPads, and the like used by Individual Defendants at Regions or otherwise under their control that at any time contained Regions information, so that such devices can be forensically examined.  Such devices/equipment shall be returned to Individual Defendants once all Regions data has been purged from the devices/equipment.  Regions shall maintain a copy of all information purged from the devices/equipment.

2.    Regions may, by separate motion, move for an award of costs and fees incurred in bringing this matter before the Court.

4

3. This Order shall expire fourteen (14) days after service unless extended by the Court for good cause or the mutual consent of the parties

4. The Court finds that no bond is required to be posted under the circumstances, including the finding that Defendants are improperly utilizing Regions' confidential and proprietary information.

5. The Court will schedule a hearing of this matter after Defendants have been properly served.

**DONE AND ORDERED** in Orlando, Florida on April 20, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties